IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

BILLY JOE FERGUSON                                                                    PLAINTIFF

v.                                    CIVIL NO. 11-5110

MICHAEL J. ASTRUE, Commissioner
Social Security Administration                                                        DEFENDANT

## MEMORANDUM OPINION

Plaintiff, Billy Joe Ferguson, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying his claims for a period of disability and disability insurance benefits (DIB) and supplemental security income (SSI) benefits under the provisions of Titles II and XVI of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

**I.     Procedural Background:**

Plaintiff protectively filed his current applications for DIB and SSI on April 17, 2008, alleging an inability to work since April 13, 2003,[1] due to a torn rotator cuff; numbness in the left shoulder; chronic back pain; right hand nerve damage; left hip, leg, and foot pain; toe numbness; restless leg syndrome; and asthma. (Tr. 174-176, 178-182, 202). An administrative

---

[1] The Court notes that at the administrative hearing on November 10, 2009, Plaintiff through his counsel amended his alleged onset date to December 1, 2007. (Tr. 34).

hearing was held on November 10, 2009, at which Plaintiff appeared with counsel and testified. (Tr. 27-70).

By written decision dated February 12, 2010, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe. (Tr. 11). Specifically, the ALJ found Plaintiff had the following severe impairments: a back disorder with radiculopathy; status post right wrist injury; and asthma. However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 13). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> lift and carry 20 pounds occasionally and ten pounds frequently. The claimant can sit for about six hours during an eight-hour workday and can stand and walk for about six hours during an eight-hour workday. The claimant can occasionally climb, balance, stoop, kneel, crouch and crawl. The claimant can occasionally reach overhead with his left upper extremity. The claimant can frequently handle and finger with his right upper extremity. The claimant is to avoid concentrated exposure to dusts, fumes, gases, odors and poor ventilation.

(Tr. 13). With the help of a vocational expert, the ALJ determined Plaintiff could perform work as a cashier II, a fast food worker, and a small products assembler.

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied that request on March 7, 2011. (Tr. 1-3). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 5). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 8,9).

## II. Applicable Law:

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F.3d 1211, 1217 (8th Cir.2001); see also 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A Plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his age, education, and experience. See 20 C.F.R. §§ 404.1520, 416.920. Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of his residual functional capacity. See McCoy v. Schweiker, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. §§ 404.1520, 416.920.

### III. Discussion:

Of particular concern to the undersigned is the ALJ's RFC determination. RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). A disability claimant has the burden of establishing his or her RFC. See Masterson v. Barnhart, 363 F.3d 731, 737 (8th Cir.2004). "The ALJ determines a claimant's RFC based on all relevant evidence in the record, including medical records, observations of treating physicians and others, and the claimant's own descriptions of his or her limitations." Eichelberger v. Barnhart, 390 F.3d 584, 591 (8th Cir. 2004); Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." Lauer v. Apfel, 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be

supported by medical evidence that addresses the claimant's ability to function in the workplace." Lewis v. Barnhart, 353 F.3d 642, 646 (8th Cir. 2003).

In the present case, the ALJ found that Plaintiff maintained the RFC to perform light work with limitations. With regard to these limitations, the ALJ found Plaintiff could frequently handle and finger with his right upper extremity. (Tr. 13). A review of the medical evidence revealed that in a letter dated July 28, 2008, Dr. Michael W. Morse indicated that he conducted EMG/NCV studies of Plaintiff's right upper extremity, and found that Plaintiff had no response of the median nerve when it was stimulated, and only minimal motor units in the right abductor pollicis brevis muscle. (Tr. 390-394). Dr. Morse also noted that Plaintiff had both active and marked chronic denervation in that muscle. The medical evidence revealed that Plaintiff continued to complain of right wrist and hand problems. (Tr. 412, 582). When questioned during the administrative hearing before the ALJ in November of 2009, Plaintiff testified that he continued to experience pain and numbness in his hand, and that he had difficulty using his right hand to hold and grip. (Tr. 42). It is noteworthy that the jobs the ALJ determined Plaintiff could perform all require constant or frequent handling, and frequent fingering. See DICOT §§ 211.462-010; 311.472-010; 706.684-022 at www.westlaw.com. After reviewing the entire evidence of record, the undersigned does not find substantial evidence to support the ALJ's RFC determination and believes remand is necessary so that the ALJ can more fully and fairly develop the record regarding Plaintiff's right wrist and hand impairment.

On remand, the ALJ is directed to address interrogatories to the physicians who have evaluated and/or treated Plaintiff, including Dr. Morse and Dr. Marcus J. Heim, asking the physicians to review Plaintiff's medical records, to complete a RFC assessment regarding

AO72A
(Rev. 8/82)

Plaintiff's capabilities during the time period in question, and to give the objective basis for their opinions so that an informed decision can be made regarding Plaintiff's ability to perform basic work activities on a sustained basis during the relevant time period in question.

With this evidence, the ALJ should then re-evaluate Plaintiff's RFC and specifically list in a hypothetical to a vocational expert any limitations that are indicated in the RFC assessments and supported by the evidence.

### IV.     Conclusion:

Accordingly, the Court concludes that the ALJ's decision is not supported by substantial evidence, and therefore, the denial of benefits to the Plaintiff should be reversed and this matter should be remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

DATED this 9th day of July, 2012.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)